OPINION
 "The Court of Common Pleas committed reversible error when it overruled the motion to dismiss the recommendation that Mr. Shoemaker be classified under R.C. 2950 because the United States Constitution prohibits ex post facto laws.
 "The Court of Common Pleas committed reversible error when it overruled the motion to dismiss the recommendation that Mr. Shoemaker be classified under R.C. 2950 because the Constitution of the State of Ohio prohibits retroactive laws."
The facts which are relevant to the issues raised on appeal are as follows. On August 14, 1992, appellant was indicted on one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). On November 25, 1992, appellant pled guilty to one count of attempted gross sexual imposition and, on December 8, 1992, the trial court sentenced appellant to serve an indefinite sentence of three to five years in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC").
On April 17, 1997, the ODRC filed a sexual predator screening instrument in the trial court, in which it recommended that appellant be classified as a sexual predator prior to his release from prison, pursuant to R.C. 2950.09(C).[1] On September 9, 1997, the trial court conducted a sexual predator hearing and found appellant to be a sexual predator, for which he is subject to certain registration requirements as set forth in R.C. 2950.04 through R.C. 2950.07.[2] On November 21, 1997, appellant filed a timely notice of appeal.
In his second assignment of error, appellant argues that the application of R.C. Chapter 2950 in this case is a violation of Article II, Section 28 of the Ohio Constitution, which precludes the Ohio General Assembly from enacting retroactive laws. Appellant asserts that the law, which became effective January 1, 1997, should not be applied "to those individuals sentenced prior to that date."
Upon the authority of State v. Gonyer (June 26, 1998), Wood App. No. WD-97-062, unreported, this court finds appellant's argument well-taken. The application of R.C. Chapter 2950 to conduct which occurred prior to the effective date of the statute violates Article II, Section 28 of the Ohio Constitution because it constitutes a retroactive application of the law. Accordingly, we need not address appellant's first assignment of error, in which he argues that the application of the provisions of R.C. Chapter 2950 in this case violates the ex post facto clause of the United States Constitution.
On consideration whereof, we find further that substantial justice has not been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is reversed. Court costs of this appeal are assessed to appellee, the state of Ohio.
Because this court finds that the case sub judice is in conflict with State v. Lance,(Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, C-970283, unreported; State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported; and State v.Lyttle, (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, on the issue of the constitutionality of R.C. Chapter 2950, we hereby certify the record of this case to the Supreme Court of Ohio for review and final determination.
JUDGMENT REVERSED.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 Melvin L. Resnick, J.
CONCUR.
[1] R.C. 2950.09(C) outlines the procedure for classifying offenders who were convicted of or pled guilty to a sexually oriented offense, were sentenced therefor prior to January 1, 1997, and were still incarcerated on or after that date. That section states that "prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. * * * If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offender's institutional record, and court shall proceed in accordance with division (C)(2) of this section." R.C. 2950.09(C)(2) provides that the trial court may accept or deny the department's recommendation; however, the trial court may not accept such a recommendation without determining "by clear and convincing evidence that offender is a sexual predator."
[2] R.C. 2950.04, effective July 1, 1997, states that offenders who are found to be sexual predators shall register with the proper authorities; R.C. 2950.05 mandates that such offenders shall notify the proper authorities of any change of address "at least seven days prior to the changing the offender's residence during the period during which the offender is required to register; R.C. 2950.06 provides that such offenders shall verify their current residence with the proper authorities every ninety days so long as they remain adjudged to be sexual predators; and R.C. 2950.07(B)(1) provides that such verification of residence shall continue until the offender's death.